1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DONALD GATHRIGHT,

11            Plaintiff,                    No. CIV S-02-1833 DFL CMK

12       vs.

13   T.L. ROSARIO, et al.,                  ORDER &

14            Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with an action for violation of civil

17   rights pursuant to 42 U.S.C. § 1983.  Presently pending before the court are the defendants'

18   motion to dismiss, motion to compel, and request for sanctions, all filed February 3, 2005.  To

19   date, the plaintiff has not filed an opposition to any of these motions.

20   **I.  BACKGROUND**

21            On September 3, 2003, plaintiff filed an amended civil rights complaint.

22   Defendants filed their answers on October 8, 2003 and December 9, 2003.  (See Court Docket.)

23            On October 15, 2003, the court issued its discovery order which included

24   permission to depose the plaintiff pursuant to rule 30(b)(1) of the Federal Rules of Civil

25   Procedure.   The court warned that any discovery disputes shall be resolved pursuant to Rules 5,

26   7, 11, 26, and 37 of the Federal Rules of Civil Procedure and the Local Rules of Practice for the

1

1    United States District Court, Eastern District of California, except for Local Rule 37-251.  (Court

2    Docket Entry No. 27.)

3           The Court issued a scheduling order setting the following dates: the deadline for

4    completing discovery was November 5, 2004; and the deadline for pretrial motions was January

5    3, 2005.  (Court Docket Entry No. 40.)

6           Defendants noticed plaintiff's deposition for September 22, 2004, at Salinas

7    Valley State Prison ("SVSP").  On September 21, 2004, defense counsel received a telephone

8    call from the plaintiff in which he was told that the plaintiff had been transferred to Atascadero

9    State Hospital ("ASH").  On October 20, 2004, defendants noticed plaintiff's deposition for

10   November 3, 2004, in ASH.  On October 25, 2004, defense counsel was again told that plaintiff

11   had been transferred, this time to California State Prison-Sacramento ("CSP-Sac").  On October

12   26, 2004, defendant noticed plaintiff's deposition for November 3, 2004 at CSP-Sac.  However,

13   on November 1, 2004, defense counsel was told by the litigation coordinator's office at CSP-Sac

14   that he had been transferred again.  Defense counsel was also told that this was a temporary legal

15   transfer and that plaintiff was scheduled to return to CSP-Sac in late November.   (Declaration of

16   Benjamin T. Rice, ¶ 4.)   Defense counsel asked and received from the court a thirty day

17   extension of time to move the discovery deadline with the intention of deposing plaintiff late in

18   November.  (Rice Declaration, ¶ 5.)

19          On or about November 22, 2004, defense counsel received a notice of change of

20   address from plaintiff stating that he was now back at CSP-Sacramento.  As a result, defendants

21   prepared to proceed with the deposition.  On or about November 23, 2004, defense counsel was

22   informed by officials at CSP-Sacramento that he was still being kept at SVSP for court hearings.

23   Subsequently, defense counsel noticed that plaintiff's change of address to CSP-Sacramento was

24   sent from SVSP.  (Rice Declaration, ¶ 6.)

25          Defendants subsequently asked the court to move the deadlines to complete the

26   discovery and file dispositive motions to February 5, 2005 and April 3, 2005, respectively.  The

1   court granted this request.  On December 8, 2004, defendants attorney re-noticed plaintiff's

2   deposition for December 16, 2005, at SVSP.  (Rice Declaration, ¶ 7; Ex. A, Re-Notice of

3   Deposition.)

4            Defense counsel traveled to Salinas in order to depose the plaintiff on December

5   15, 2004. (Rice Declaration, ¶ 8.)   However, Correctional Officer Dominguez informed defense

6   counsel that the plaintiff had refused to come out of his cell for Floor Officer S. Watson.  (Id.;

7   Ex. B, Deposition Transcript.)  Defense counsel also asked Officer Dominguez to personally ask

8   the plaintiff to come out of his cell.  Again, defense counsel was informed that

9   plaintiff would not come out of his cell.  Defense counsel then asked the court reporter to go on

10  record and explained the circumstances of plaintiff's refusal to come out of his cell.  Defense

11  counsel also asked Officer Dominguez to set forth the events on the record.  (Id.)

12           Defense counsel spent at least six hours preparing for the deposition, drafting the

13  notice of taking the deposition, and at least three hours writing this motion and preparing

14  supplemental documentation, and approximately eight hours traveling to and from SVSP.  The

15  total time spent in preparation for the deposition was seventeen hours.  The California State

16  Attorney General's Office bills at a rate of $112.00 per hour for time expended on behalf of

17  clients whom by law can be billed.  The total amount of attorney's fees for the deposition is

18  $1,904. (Rice Declaration, ¶ 9.)

19           Additionally, defense counsel's travel expenses from Sacramento to San Quentin

20  totaled $168.26 and the court reporting costs totaled $189.  (Id.)

21  **II.  MOTION TO DISMISS**

22           Defendants' move this court to dismiss plaintiff's complaint with prejudice as a

23  sanction imposed pursuant to Fed. R. Civ. P. 41(b).  "Dismissal, however, is so harsh a penalty it

24  should be imposed as a sanction only in extreme circumstances."  Thompson v. Housing

25  Authority of the City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (citing Henderson v.

26  Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Raiford v. Pounds, 640 F.2d 944, 945 (9th Cir.

1   1981) (per curiam); <u>Industrial Bldg. Materials, Inc. V. Interchemical Corp.</u>, 437 F.2d 1336, 1339

2   (9th Cir. 1970).  Dismissal is properly imposed where the losing party's non-compliance was due

3   to willfulness, fault or bad faith.  <u>Sigliano v. Mendoza</u>, 642 F.2d 309, 310 (9th Cir. 1981).  For

4   example, if a party repeatedly fails to comply with court orders then the sanction of dismissal is

5   warranted.  <u>Id</u>.

6            Here, the plaintiff refused to come out of his cell to attend his deposition.

7   Plaintiff previously moved several times between prisons, further frustrating the discovery

8   process.  Plaintiff has provided no justification for his failure to appear at his noticed deposition

9   or his prison transfers.  However, the evidence is unclear on whether plaintiff's failure to appear

10  is due to willfulness or his inability as a pro se litigant to understand his discovery

11  responsibilities.  <u>See</u>, <u>e.g.</u>, <u>Societe Internationale Pour Participations Industrielles et</u>

12  <u>Commerciales v. Rogers</u>, 357 U.S. 197 (1958) (explaining that due process prohibits sanctioning

13  a party, whose failure to comply with court order regarding discovery was due to inability and not

14  willfulness, with the ultimate sanction of dismissal).  Significant to the court is the fact that

15  plaintiff only refused one scheduled deposition.  Therefore, at the present time, the court will

16  recommend that defendants' motion to dismiss be denied without prejudice.

17  **III.  <u>MOTION TO COMPEL</u>**

18            In the alternative, defendants move this court to compel the plaintiff's attendance

19  at his deposition.  Again, the plaintiff has not filed any opposition to defendants' motion to

20  compel.  The undersigned has the authority under L.R. 72-302(c)(1), to order plaintiff to be

21  deposed.  Therefore, pursuant to the Local Rules, this court will order the plaintiff to cooperate

22  with the defendants in the taking of his deposition and grant defendants' motion to compel.

23  Another failure, by the plaintiff, to cooperate in the taking of his deposition will result in a

24  dismissal of this action.

25  ///

26  ///

## IV.  REQUEST FOR FEES AND COSTS (SANCTIONS)

Finally, defendants ask this court to award them reasonable expenses, including attorney's fees, pursuant to Fed. R. Civ. P. 37(b)(2).   The trial court has broad discretionary powers to impose sanctions pursuant to Rule 37(b). See  Liew v. Breen, 640 F.2d 1046, 1050 (9th Cir. 1981).

As a result, the court finds that defendants' request for sanctions is perfunctory under the current circumstances.  The plaintiff may have misunderstood his rights regarding appearance at his deposition in front of defendants' attorney.  Moreover, the plaintiff is an inmate at California State Prison Sacramento.  There is no evidence that plaintiff has the assets with which to pay costs and attorney's fees.  Although, the plaintiff did pay his filing fee, it is doubtful that the plaintiff will earn enough in prison to pay the $1,904 in attorney's fees, not to mention the costs estimated by defendants.  Even though plaintiff's inability to pay should not be the sole reason for the court's denial of monetary of sanctions, it can be considered as one factor.  Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994).  The court will be more inclined to award defendants reasonable expenses in the future if the plaintiff continues to refuse to be deposed and disobeys this court's present order.  Thus, the court will deny without prejudice, defendants' motion for reasonable expenses, including attorney's fees.

## V.  CONCLUSION

Defendants have announced their intention to file a motion for summary judgment if their motion to dismiss is denied.  Defendants argue that they have been unable to file their planned motion for summary judgment because of plaintiff's refusal to participate in his deposition.  As a result, the court will vacate the upcoming  trial date scheduled for July 11, 2005 and reset the deadlines for pretrial motions.  Discovery will be formally closed with the exception of plaintiff's deposition.

///

///

1          In accordance with the above, IT IS HEREBY ORDERED that:

2          1.  Defendants' motion to compel, filed February 3, 2005, is granted;

3          2.  Defendants' request for sanctions, filed February 3, 2005, is denied without

4   prejudice;

5          3.  Discovery is formally closed with the sole exception that the defendants have

6   until and including the date of July 1, 2005, to depose the plaintiff;

7          4.  The date to file pre-trial motions shall be extended to and including August 1,

8   2005; and

9          5.  The trial date currently set for Monday, July 11, 2005 at 9:00 a.m. in front of

10  Chief Judge David F. Levi, is hereby vacated.

11         In accordance with the above, IT IS HEREBY RECOMMENDED that

12  defendants motion to dismiss, filed February 3, 2005, be denied without prejudice.

13         These findings and recommendations are submitted to the United States District

14  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen

15  days after being served with these findings and recommendations, any party may file written

16  objections with the court and serve a copy on all parties.  Such a document should be captioned

17  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

18  shall be served and filed within fifteen days after service of the objections.  The parties are

19  advised  that failure to file objections within the specified time may waive the right to appeal the

20  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21  DATED:   May 24, 2005.

22

23                                              _____
                                                CRAIG M. KELLISON
24                                              UNITED STATES MAGISTRATE JUDGE

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26